John R. Vincent, #5-1350
Aaron J. Vincent, #6-4110
VINCENT DAVEY LAW FIRM
301 East Adams
P.O. Box 433
Riverton, WY 82501
(307) 857-6005
(307) 857-6191 (facsimile)
jrv@vincentdaveylaw.com
aaron@vincentdaveylaw.com

Ann E. Davey, #7-4689
VINCENT DAVEY LAW FIRM
609 E. 4th Ave. North
P.O. Box 1207
Columbus, MT 59019
(406) 322-8557
(406) 322-8599 (facsimile)
ann@vincentdaveylaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SUSAN GAUDERN and DELORIS GAUDERN, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, THE UNITED STATES DEPARTMENT OF AGRICULTURE an agency of the UNITED STATES, THE UNITED STATES FOREST SERVICE an agency of the UNITED STATES DEPARTMENT OF AGRICULTURE, and CHRISTOPHER SELLERS, in his Official capacity, <br><br> Defendants. | Civil No._____ |

**COMPLAINT**

- 1 -

COME NOW the Plaintiffs, by and through their attorneys, and bring this Complaint against the United States of America, including The United States Department of Agriculture, The United State Forest Service and Christopher Sellers, an employee of the United State Forest Service pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

## A.     Parties, Jurisdiction & Venue

1. Susan Gaudern is a resident of Riverton, Wyoming and has been a resident of Wyoming at all times material to this complaint.

2. Deloris Gaudern is a resident of Riverton, Wyoming and has been a resident of the State of Wyoming at all time material to this complaint.

3. This is an action arising under the Federal Tort Claims Act, 28 U.S.C.A. §§ 2671 et. seq. ("FTCA").  This Court is vested with jurisdiction pursuant to Section 1346(b), Title 28 of the United States Code.

4. Venue lies in this district under 28 U.S.C. §§ 1391(b)(2) and (e)(1) and (2).

5. Plaintiffs bring this action against Defendant Unites States of America acting through the Department of Agriculture ("USDA") and its agency the United States Forest Service ("USFS").

6. Plaintiffs believe and therefore allege Mr. Sellers is the Shoshone National Forest South Zone Trails Coordinator.  Plaintiffs allege that at all times material to this complaint, Mr. Sellers was an employee of USFS and his actions caused Plaintiffs' injuries.  Plaintiffs believe Mr. Sellers is a resident of Lander, Wyoming.

7. The cause of action arose at mile post marker 67.127 of Wyoming Highway 28 commonly known as the "South Pass Highway" in Fremont County, Wyoming. The location of the wreck is approximately 9.5 miles south of Lander, Wyoming.

8. On June 24, 2021, Plaintiffs presented separate, written, timely and sufficient FTCA claims to the United States Department of Agriculture and United States Forest Service by submitting "Standard Form 95" forms also identified as "Form Approved OMB No. 1105-0008". Defendants acknowledged receipt of each claim on September 2, 2021. Plaintiffs provided additional information as requested by the Defendants on November 1, 2021 and November 30, 2021. Thereafter, Defendants failed to make a final disposition of the claim within six months. Pursuant to 28 U.S.C. § 2675, Plaintiffs have the option to treat Defendants failures to respond to the claims as a final denial.

9. In all respects, Plaintiffs have complied with FTCA requirements.

10. Based on Wyoming's statutory and case law, as well as applicable Federal law, a private individual who acted in the same manner, to the same extent and under like circumstances as did the Defendants in this case, would be liable to Plaintiffs for the torts and damages claimed herein.

**B.     Facts Common to All Claims**

11. Plaintiffs hereby restates and re-alleges all statements set forth in Paragraphs 1 through 10 above.

12. On August 15, 2020, at approximately 8:31 p.m., Susan Gaudern was driving her vehicle north on Highway 28 towards Lander, Wyoming. Deloris Gaudern was a passenger in Susan Gaudern's vehicle and was sitting in the front passenger seat.

13. As Plaintiffs approached the bridge crossing the Little Popo Agie River, Susan Gaudern slowed her vehicle to avoid a collision with a herd of mule deer who were crossing the highway in front of Plaintiff's vehicle.

14. Behind Plaintiffs was a vehicle owned by the United States Department of Agriculture. The vehicle was operated by Christopher Sellers, who was an employee[1] of the United Department of Agriculture – United States Forest Service. Mr. Sellers failed to observe the vehicle braking and slowing for the mule deer and he rear-ended Susan Gaudern's vehicle with the vehicle he was operating.

15. The impact of the collision forced Susan Gaudern's vehicle from Highway 28 where it exited the roadway to the right (east) and rolled down a steep borrow pit until coming to rest against a tree. Susan Gaudern's vehicle was a total loss. Defendant's vehicle was also totaled.

16. Trooper Daniel Eggli of the Wyoming Highway Patrol issued a citation to Mr. Sellers.

17. At the time of the collision, Plaintiffs were wearing their seatbelts. Plaintiff Susan Gaudern was operating her vehicle as a reasonable and prudent driver and in accordance with the law.

18. Mr. Sellers failed to operate his vehicle safely and prudently and as a result, caused the rear end collision to occur.

19. Mr. Sellers had a duty to drive his vehicle in a safe and prudent manner.

20. Mr. Sellers had a duty to avoid causing a wreck

---

[1] For the purpose of this Complaint, the term "employee" includes the definition set forth in 28 U.S.C.A. 2671. "Employee of the government includes (1) officers or employees of any federal agency."

21. Mr. Sellers had a duty to maintain control of his vehicle in order to avoid collision with other vehicles lawfully using the road way.

22. Mr. Sellers had a duty to operate his vehicle safely and prudently instead of negligently and carelessly.

23. Mr. Sellers breached his duties when he negligently caused a wreck with Plaintiffs.

24. As a direct and proximate cause of Mr. Sellers' negligence, Plaintiffs sustained traumatic injuries.

25. Mr. Sellers' driving conduct constitutes negligence.

26. Mr. Sellers' driving conduct constitutes negligence per se.  Mr. Sellers' violation of applicable traffic law and code is evidence of negligence.

27. At all times relevant thereto, Mr. Sellers was operating the vehicle owned by the Defendants in the course and scope of his employment.

28. Defendants are vicariously liable for the negligence of Mr. Sellers under the doctrine of Respondeat Superior.

**FIRST CLAIM FOR RELIEF**
**Negligence**

29. Plaintiffs hereby restates and re-alleges all statements set forth in Paragraphs 1 through 28 above.

30. Defendants, by and through the action of their employee, are negligent.

31. Defendants' negligence includes, but is not limited to:

    a. failure to maintain a proper lookout;

    b. failure to maintain control of a vehicle;

    c. failure to observe road conditions, including other drivers;

- 6 -

      d.    driving carelessly and/or recklessly;

      e.    driving in a manner which was not reasonable under the circumstances; and

      f.    violating the traffic control laws and regulations of the State of Wyoming.

32.    Mr. Sellers' negligent driving actions, as imputed to Defendants, was negligent and the cause of the subject collision and Plaintiffs' injuries.

## SECOND CLAIM FOR RELIEF
### Negligence Per Se

33.    Plaintiffs hereby restates and re-alleges all statements set forth in Paragraphs 1 through 32 above.

34.    Mr. Sellers was negligent when he rear-ended Plaintiffs' vehicle.

35.    Certain state and federal statutes and regulations and local ordinances, were in effect at the time of the collision.

36.    The violation of these rules, statutes, regulations and/or ordinances constitutes negligence.

37.    Mr. Sellers violated these rules, statutes, regulations and/or ordinances when he caused a wreck involving Plaintiffs.

38.    Plaintiffs are members of the class of persons the rules, statutes, regulations, and ordinances were designed to protect.

39.    Mr. Sellers' violations of said statues, rules, regulations and/or ordinances constitute negligence per se as imputed to Defendants.

40.    Mr. Sellers' negligence in violating these rules, statutes and regulations and/or ordinances was the cause of the collision.

41. Mr. Sellers' negligence in violating these rules, statutes and regulations and/or ordinances, caused damages to Plaintiffs.

### THIRD CLAIM FOR RELIEF
### Vicarious liability – Defendants

42. Plaintiffs hereby restates and re-alleges all statements set forth in Paragraphs 1 through 41 above.

43. Defendants are vicariously liable for Mr. Sellers' negligence because he was employed by Defendants and was acting in the course and scope of his employment at the time of the collision.

44. Mr. Sellers' actions and omissions, as imputed to Defendant(s), caused damages to Plaintiffs.

### FOURTH CLAIM FOR RELIEF
### Respondeat Superior – Defendants

45. Plaintiffs restate and re-allege all statements set forth in Paragraphs 1 through 44 above.

46. Mr. Sellers was an employee of Defendants.

47. It was an essential duty of Mr. Sellers' employment to drive vehicles, including the vehicle involved in the motor vehicle collision.

48. On August 15, 2020, Mr. Sellers, acting in his capacity as an employee for Defendants, drove Defendants' vehicle in a negligent and careless manner which caused injury to Plaintiffs.

49. Mr. Sellers was entrusted to act on behalf of Defendants and he was acting within the course and scope of said employment when the crash occurred.

50. Defendants are legally responsible for the actions and omissions of Mr. Sellers and his negligence is imputed to Defendants.

51. Mr. Sellers' actions and omissions, as imputed to Defendants, caused Plaintiffs' injuries.

**WHEREFORE**, Plaintiffs prays for a judgment against Defendants as follows:

a. Past, present and future economic damages, including but not limited to, medical and rehabilitation expenses, out-of-pocket costs, caretaking expenses, loss of past, present and future income, and loss of earning capacity;

b. Past, present and future non-economic damages, including past and future pain and suffering, loss of enjoyment of life, inconvenience, annoyance, emotional distress, mental suffering and anguish;

c. Past, present and future lost wages and employment benefits;

d. Physical and Mental impairment and disfigurement;

e. Costs of suit, expert witness fees, and attorney's fees as provided by law;

f. Pre-and post-judgment interest;

g. All further relief as the Court deems just, reasonable and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

**DATED** this 4th day of August, 2022.

    Respectfully submitted,
    SUSAN GAUDERN and DELORIS
    GAUDERN, Plaintiffs

By:    AARON J. VINCENT
    Wyoming Attorney No. 6-4110
    JOHN R. VINCENT
    Wyoming Attorney No. 5-1350

ANN E. DAVEY
Wyoming Attorney No. 7-4689
Vincent Davey Law Firm

_____/s/_____
ANN E. DAVEY